IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00799-CMA-CBS

**NATASHA WEIL**,

    Plaintiff,

v.

**CARECORE NATIONAL, LLC**,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

The parties and/or non-parties may possess (1) trade secrets, (2), other confidential business, personal and/or technical information, or (3) Protected Health Information ("PHI") as this term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations issued by the United States Department of Health and Human Services implementing HIPAA, which may be required to be disclosed during the course of this litigation. The parties wish to limit disclosure and prevent the use of such information for purposes other than the prosecution and defense of this action. Further, the parties wish to facilitate the exchange of documents in a manner that will allow sharing of the documents with party representatives without disclosing Confidential Information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation and agreement of the parties to give effect thereto, the following terms of a protective order regarding Confidential Information are hereby Ordered:

1

## **PROTECTIVE ORDER**

1. **Confidential Information**. The Court retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court. "Confidential Information," for purposes of this Order, is defined as non-public information that is treated by the proprietor thereof as confidential and proprietary information and that involves or relates to (a) trade secrets or competitively sensitive information, (b) other confidential technical, business, operational, or personal information of a party (or a third person whose information the party is under a duty to maintain in confidence), or (c) PHI including, but not limited, to Plaintiff's medical records. "Confidential Information" shall include all covered information in any form including documents and things incorporating or reflecting Confidential Information including copies, summaries, abstracts, notes, derivatives, electronic information, photographs, negatives, blow-ups, exhibits, and similar things. No item shall qualify to be protected as Confidential Information after it has been disclosed in a printed publication or other public medium available to the public or trade by reason of dissemination by one having the right to do so, or is generally known throughout the trade and public, or is or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order. However, until such time as the Court rules on declassification pursuant to Paragraph 2, below, the designation of Confidential Information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with Paragraph 3, below, shall be honored by all persons receiving such information in accordance with this Order.

2. **Declassification**.  The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with Paragraph 3, below, as to which the Count rules, or the parties agree, is not to be treated as Confidential Information as defined in Paragraph 1.

3. **Designations**.  Any information produced, orally or written, in this litigation at any time, either voluntarily or pursuant to court order, that is asserted in good faith by the producing party or non-party to contain or constitute Confidential Information shall be so designated by such producing party or non-party, as follows:

    a. A producing party or non-party, prior to or coincident with supplying copies of documents and things requested by the inspecting party, shall designate such copies as containing Confidential Information by clearly and prominently marking on their face, including each designated page of a multi-page document, the legend CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY or a similar legend, or shall otherwise advise the receiving party in writing as to the confidentiality of such documents or things;

    b. If contained in a written response to a discovery request, such as an interrogatory, the written response shall be designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY or a similar designation, or the receiving party otherwise shall be previously or simultaneously advised in writing of such confidential status, and the information may be served and filed in a separate document if desired;

    c. If Confidential Information is contained in deposition, hearing, or other testimony, the transcript or portions thereof may be designated as containing Confidential Information in accordance with this Order by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within 30 days after receipt of the transcript by the producing party or non-party, of the

specific pages and lines of the transcript that contain such Confidential Information. Except for information not qualifying as Confidential Information under Paragraph 1, all transcripts of hearings, depositions, or other testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Information and subject to this Protective Order until the time for designation has expired.

4. **Certification Requirements.** Any designation of information as Confidential Information under this Protective Order and any challenges to any designation of confidentiality are subject to the certification requirements set forth in Fed. R. Civ. P. 26(g).

5. **Submission to Court**. All transcripts (of hearings, depositions, or other testimony), exhibits (including demonstrative exhibits), pleadings, discovery responses, and documents or things marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY that are filed with, or submitted to the Court prior to trial, and any pleadings, memoranda, exhibits (including demonstrative exhibits), affidavits, letters, documents, or things filed with, or submitted to the Court prior to trial, or the confidential portions thereof, that reproduce, partially reproduce, or paraphrase, information that has been designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be filed in accordance of court procedures for filing under seal, along with an appropriate motion, and shall not be available for public inspection pending the Court's ruling on the motion. Envelopes used to seal such documents shall carry the caption, the above designation and any other notation required by the Court for designation of confidential materials.

6. **Restrictions on Disclosure of Confidential Documents**. Except with prior written consent of the party producing the Confidential Information, and except as provided elsewhere in this Order and subject to Paragraph 9, documents designated CONFIDENTIAL under this Order and all information contained in them or derived from them, may not be disclosed to any person other than:

    a. The parties, inside counsel, outside counsel for the parties, and the partners, associates and employees of such attorneys' law firms or legal departments who are working on this litigation.

    b. Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit.

    c. Actual or potential deponents or witnesses in this action, if (i) such person had prior lawful access to such information or (ii) shall have first executed an Undertaking in the form annexed hereto as Appendix 1.

    d. Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this lawsuit.

    e. Authors, addressees, and recipients of particular Confidential Information solely to the extent that the disclosing party believes in good faith that the person has previously had lawful access to the particular information disclosed or to be disclosed.

    f. Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the

information may be disclosed as may be necessary to confirm the person's access or participation.

        g.      The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any or these documents content, except as expressly authorized by this Order.

       7.      **Restrictions on Disclosure of Confidential—Attorneys' Eyes-Only Documents**.  Except with prior written consent of the party producing the CONFIDENTIAL - ATTORNEYS' EYES ONLY information, and except as provided elsewhere in this Order and subject to Paragraph 9, documents designated CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Order and all information contained in them or delivered from them, may not be disclosed to any person other than:

        a.      Counsel for the parties including inside counsel, outside counsel and the partners, associates and employees of such attorneys' law firms or legal departments who are working on this litigation.

        b.      Deponents or witnesses in this action, but only if such deponent or witness had prior lawful access to such information.

        c.      Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this lawsuit.

        d.      Authors, addressees, and recipients of particular Confidential Information solely to the extent that the disclosing party believes in good faith that the person has previously had lawful access to the particular information disclosed or to be disclosed.

e. Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

f. The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any of these documents content, except as expressly authorized by this order. The designation CONFIDENTIAL - ATTORNEYS' EYES ONLY is reserved for documents that a party believes in good faith are competitively-sensitive, and would be likely to cause competitive injury if disclosed to representatives of the parties (other than outside counsel), even under the protections afforded by this order for documents designated as CONFIDENTIAL, or that a party believes contain PHI of any person not party to this litigation.

8. **<u>Exchange of Expert Reports and Court Filings</u>**. Expert reports exchanged by the parties and documents submitted to the Court prior to trial which contain Confidential Information and are designated as CONFIDENTIAL –

ATTORNEYS' EYES ONLY may be shared with the persons listed in Paragraph 6, above, provided that:

    a.    All information produced by non-parties and designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be redacted from the document; and

    b.    Information produced by parties and designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be redacted from the document by the producing party, or alternatively, counsel for the parties have agreed that, to the extent blanket designations of CONFIDENTIAL - ATTORNEYS' EYES ONLY are made, the party seeking to share the document with persons listed in Paragraph 6 above, shall in good faith redact the specific items of data that it believes the producing party wishes to maintain as CONFIDENTIAL - ATTORNEYS' EYES ONLY. If the producing party provides a redacted document or indicates in writing which portions of the document or supporting materials should be redacted, the receiving party shall honor that request.

    c.    A party's consent to this disclosure of redacted documents in Paragraph 8 does not constitute a waiver of the CONFIDENTIAL - ATTORNEYS' EYES ONLY designation as to the documents, data, transcripts, or other things quoted, paraphrased, referred to or employed in creating the document to be exchanged.

    d.    In the event that fewer than all parties consent to the disclosure of redacted documents containing their information designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, the document may be disclosed by the parties who have given consent provided the CONFIDENTIAL - ATTORNEYS' EYES ONLY information as to which consent has not been granted has been redacted.

9.    **Further Restrictions on Access**. Confidential Information produced in accordance with the provisions of Paragraphs 6 (a), (b), (c), (d), (e), and (f) and 7 (a), (b), (c), and (e), above, shall not be made available to any person under Paragraphs 6,

7, or 8, above, unless he or she shall have first executed an Undertaking in the form of Appendix 1 to this Order, except that a partner of a law firm representing a party, upon notifying all attorneys and employees of the firm working on this litigation of the terms of this Order, may sign a single Undertaking on behalf of the firm and its employees. Counsel for each party shall maintain a file containing the original Undertakings executed by each individual from whom counsel obtained such an Undertaking.

10. **Use of Confidential Information**. All Confidential Information produced in accordance with the provisions above shall be utilized solely and exclusively for purposes of this action, including any appeals. Confidential Information may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court or of a Court having jurisdiction over the producing party or person. Use for purposes of this litigation shall include use in testimony and as exhibits at trial, and in connection with motions, depositions, or witness preparation and counsel pretrial investigations, subject to the restrictions of this Order. A party or person may use its own designated Confidential Information for any purpose whatsoever.

11. **Disputes as to Designations**.

    a. <u>Compliance With D.C.COLO.LCivR 7.1(A).</u> If a party to this Order who receives any Confidential Information disagrees with respect to its designation as Confidential Information, in full or in part, that party shall not file a Motion asking the Court to resolve the dispute without first satisfying the requirements of D.C.COLO.LCivR 7.1(A), which requires the moving party to certify that it "has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter." More specifically, the party questioning the validity of the opposing party's designation of information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall notify the producing party or third

person in writing, and they will thereupon confer as to the designation and/or status of the subject information proffered within the context of this Order, and in so conferring shall consider withdrawing all or part of the designation or the practicality of redacting pertinent parts of such information. If the recipient and producing party or non-party are unable to agree upon the designation and/or status of the subject information, the parties shall schedule a telephone conference call with Magistrate Judge Shaffer, at which Magistrate Judge Shaffer will mediate the discovery dispute. Only if mediation proves unsuccessful may the party disputing the designation of information as Confidential Information raise the issue of the designation or status for the Court, which shall consider the issue. The information shall remain confidential in the manner designated unless and until the Court rules to the contrary. In any disagreement over the designation of Confidential Information, the designating party bears the burden of showing that the designated information is Confidential Information within the scope of this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

      b.    <u>Deadlines.</u> Any motion directed to challenging the designation of information as Confidential information shall be filed no later than 30 days before the deadline for discovery.

      12.    **<u>No Waiver</u>**. Nothing in this Order or otherwise shall constitute a waiver of the right of any party to object at trial as to the authenticity, competency, relevance or admissibility of any information or to the fact that any Confidential Information has been so designated, nor shall such constitute a waiver of any party's right to file a motion in limine to preclude the trier of fact from being advised of such designation during trial, nor shall this Order, or actions taken or not taken pursuant to it, constitute an admission

that designation of materials as CONFIDENTIAL or "CONFIDENTIAL - ATTORNEYS' EYES ONLY is appropriate.

13. **Modification**. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court seeking relief from or otherwise modifying or furthering this Protective Order upon good cause shown.

14. **Deposition Transcripts**. A copy of this Order (or, in lieu thereof, an oral explanation, on the record, of its terms by counsel present at the deposition) shall be presented to the court reporter upon the taking of any deposition in this action at or prior to the time when any question is propounded involving Confidential Information. Portions of the original deposition transcript designated as Confidential shall be separately bound by the reporter, marked as provided in Paragraph 3 and on the first page with the title of the Court and the title of the case and shall be delivered to the attorneys representing the parties and deponent at the deposition. The failure of a court reporter to comply with this provision shall not eliminate any previous designations of testimony as Confidential Information made in accordance with this order. Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Order. If deposition testimony requires the disclosure of Confidential Information of a party, that portion of the deposition will be closed to all persons except the deponent and those persons authorized to have access, the court reporter, and the persons designated in Paragraphs 6 and 7 of this Order as applicable to the designated level of confidentiality.

15. **Survival**. This order shall survive the final termination of this action with respect to any Confidential Information. Within thirty (30) days of termination of this litigation, at the election of the producing party or non-party, the originals and all copies of Confidential Information shall be destroyed with certification of such destruction

provided to counsel for the producing party or shall be returned to the counsel for the party or non-party that produced such Confidential Information, except that counsel shall be entitled to retain all pleadings, depositions, and discovery responses, as well as exhibits thereto and work product containing such information. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

16. **Inadvertent Disclosures**. Any item or information inadvertently furnished by the producing party or non-party during the course of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Confidential Information under this Order, but only under the conditions that counsel for the receiving party (a) subsequently receive written notice from the producing party or non-party of the inadvertence and the request to thereafter treat such information as Confidential, and (b) has a reasonable opportunity to advise others to whom such information had already been disclosed that such information should thereafter be so treated.

17. **Violation**. Any person executing or bound by an Undertaking in the form of Appendix 1 to this Order shall promptly advise counsel representing the party by whom they are employed or on whose behalf they have been retained if such person learns of a violation of this Order, and it will be the responsibility of such person to ensure that counsel inform counsel for all other parties of such violation. In addition, the person learning of a violation and counsel notified by that person shall have a duty to take immediate action to mitigate and remedy any such violation to the extent possible. Compliance with this specific provision will not exempt any person, counsel, or party from sanction by the Court as a result of any violation of this Order.

18. **Trial**. Prior to a public trial of this action, the parties shall apply to the Court for such protection of Confidential Information as they deem necessary and as the Court determines to be appropriate.

DATED at Denver, Colorado, this 1st day of July, 2010July, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Approved: June 24, 2010

| CORNISH & DELL'OLIO | SHERMAN & HOWARD L.L.C. |
|---|---|
| s/ Bradley J. Sherman | /s Elizabeth B. Chilcoat |
| Bradley J. Sherman | William A. Wright, |
| 431 North Cascade Avenue, Suite 1 | Elizabeth B. Chilcoat |
| Colorado Springs, Colorado 80903 | 633 Seventeenth Street, Suite 3000 |
| (719) 475-1204 | Denver, Colorado 80202 |
| bsherman@cornishanddellolio.com | (303) 297-2900 |
| | WWright@shermanhoward.com |
| Counsel for Plaintiff | EChilcoat@shermanhoward.com |
| | Counsel for Defendant |

# **APPENDIX 1**

I, _____, have read or been advised of the terms of the Protective Order dated [DATE] that has been entered in the case captioned

In Consideration of the disclosure to me of information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, as defined in the Protective Order, I agree to be bound by the terms of the Protective Order.

I agree not to disclose or use any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information disclosed to me for purposes other than those permitted under the Protective Order.

I consent to the jurisdiction of the United States District Court, District of Colorado, for the purposes of enforcement of the Protective Order.

                                                               [Name]

                                                               [Address]