IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00799-CMA-CBS

NATASHA WEIL,

    Plaintiff,

v.

CARECORE NATIONAL, LLC,
a New York limited liability company,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Craig B. Shaffer**

    Defendant CareCore National, LLC filed a Motion to Amend its Answer (*doc # 24*) on November 15, 2010 to assert an additional affirmative defense based on what it termed after-acquired evidence. Plaintiff Natasha Weil filed her Response to Defendant's Motion (*doc # 25*) on December 6, 2010, and Defendant filed a Reply in Support of its Motion (*doc # 27*) on December 16, 2010. The motion was referred to me in a memorandum (*doc # 26*) entered December 8, 2010. This court heard argument on the motion during proceedings on January 7, 2011. After reviewing the entire case file, the applicable law, and the parties' arguments in briefing and oral argument, this court recommends that Defendant's Motion to Amend its Answer be denied.

### FINDINGS OF FACT

    Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), I certify the following relevant facts:

1.	Plaintiff filed her Complaint in this action on April 7, 2010. (*Doc # 1*). Pursuant to the parties' stipulated extension of time under D.C. COLO. LCIVR 7.1.A, Defendant filed its Answer on May 10, 2010 (*doc # 7*).

2.	The parties conferred on June 1, 2010 in accordance with FED. R. CIV. P. 26(f) and this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting. It was undisputed during oral argument that at the Rule 26(f) meeting, Plaintiff disclosed that she possessed a number of screenshots taken from her CareCore computer screen while she was employed by Defendant. On June 14, 2010, Plaintiff again indicated in her initial disclosures under FED. R. CIV. P. 26(a)(1) (*doc # 25-1*) that she possessed a CD of screenshots and recordings, but did not produce the CD itself. There is no allegation that this omission was anything but inadvertent.[1] Counsel for Defendant does not dispute that they failed to follow up on Plaintiff's disclosures about these screenshots and failed to review Plaintiff's Rule 26(a)(1) disclosures for either completeness or content for several months.

3.	On June 21, 2010, this court held a scheduling conference and entered its Scheduling Order (*doc # 14*). As requested by the parties, the Scheduling Order set deadlines of June 28, 2010 for amendment of the pleadings, October 16, 2010 for serving interrogatories and requests for production of documents and/or admissions, and, absent a good cause showing by any party seeking an extension, November 19, 2010 for discovery cut-off.

4.	Counsel for Defendant took Plaintiff's deposition on October 11, 2010, just over a month before discovery closed. It was apparently at this deposition that Defendant's attorneys first realized that Plaintiff had the screenshots in question and that the CD had been omitted from Plaintiff's Rule 26(a)(1)

---

[1] Plaintiff fully satisfied her initial disclosure obligations under FED. R. CIV. P. 26(a)(1)(A)(ii) by describing the screenshots by category and location, and was not required physically to produce anything. *See* FED. R. CIV. P. 26 Advisory Committee's Note, 1993 Amendments.

disclosures in June. Defendant's counsel notified Plaintiff's counsel on October 12, 2010 that they had not received the CD with the other initial disclosures, and Plaintiff mailed the CD to Defendant on October 13, 2010. (*Doc # 25* at 6; *doc # 24* at 2).

     5.     On November 15, 2010, over four months after the deadline for amending the pleadings, and over a month after Plaintiff mailed the CD, Defendant filed its Motion to Amend its Answer. In its motion, Defendant sought leave to amend its Answer under FED. R. CIV. P. 15(a), arguing that it had good cause to amend after the June 28 deadline because it had not received the CD until mid-October. (*Doc # 24* at 3). Defendant's proposed amendments asserted an additional legal defense based on after-acquired evidence, alleging that the screenshots contained patients' private health information and Defendant's proprietary and secret information, in violation of company policy. *Id.* at 1, 2-3. Defendant argued that had it known of the screenshots during Plaintiff's employment, it would have terminated her on that basis. *Id.* at 4.

     6.     Plaintiff filed her Response to Defendant's Motion on December 6, 2010. Plaintiff argued that good cause for modifying the scheduling deadlines had not been established under FED. R. CIV. P. 16(b) because the Defendant had twice been apprised of the existence of the screenshots prior to the June 28, 2010 amendment deadline. (*Doc # 25* at 2-3). After the motion was referred to me and Defendant filed a Reply in Support of its Motion (*doc # 27*), this court heard argument on the motion on January 7, 2011.

## ANALYSIS

The court must first determine what burden Defendant would have to meet to amend its Answer at this point in the proceedings. The parties' briefing focused on the good cause showings required by FED.

R. CIV. P. 15(a), which applies to amendment of a pleading more than 21 days after service, and FED. R. CIV. P. 16(b), covering modification of the scheduling order. In this case, however, the parties had requested, and the court had set, a June 28, 2010 deadline for amendment of the pleadings. Defendant's motion missed that deadline by over four months. Defendant's failure to meet a specific deadline brings into play the requirements of FED. R. CIV. P. 6(b)(1)(B), which provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

Whether a party's neglect is excusable requires an equitable determination of all the relevant circumstances, including specifically "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *Accord Stringfellow v. Brown*, No. 95-7145, 1997 WL 8856 at *1 (10th Cir. Jan. 10, 1997) (unpublished order and judgment). "[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). "[C]ourts have denied leave to amend [the answer] where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (citations omitted).

Taking up these factors in turn, the danger of prejudice to Plaintiff in this case is clear. Defendant filed the motion to amend its Answer just before the discovery cut-off date of November 19, 2010. The dispositive motion deadline passed on December 20, 2010. If Defendant were allowed to amend its

4

Answer to assert a new affirmative defense, Plaintiff could not conduct discovery to contend with this defense without reopening the discovery process.

The length of delay here almost covers the entire pretrial period. Defendant was first put on notice of the existence of the screenshots on June 1, 2010, but did not act to obtain them until mid-October, and did not file its motion for over a month after that. Fairness to Plaintiff would require reopening discovery and resetting the lapsed discovery deadlines. Moreover, the court has now held a Final Pretrial Conference, issued a Final Pretrial Order, and set trial to begin July 11, 2011, and Defendant has filed pending motions for summary judgment and to strike Plaintiff's jury demand. Allowing Defendant to amend its Answer would set back months of progress in moving the case toward trial, making the impact on the judicial process significant.

The reason for the delay is simple carelessness on the part of Defendant's attorneys. Had Defendant's counsel promptly followed up on Plaintiff's June disclosures about the screenshots, particularly once Plaintiff had provided her initial written disclosures, Defendant could have amended its Answer or moved for an extension well before the Scheduling Order's June 28, 2010 deadline. Even allowing for some delay in assessing the completeness of Plaintiff's initial disclosures, counsel for Defendant certainly should have determined what Plaintiff had already provided before serving interrogatories requesting more. Finally, having obtained the CD of screenshots, Defendant waited for over a month before moving to amend its Answer. The record is clear that the circumstances of the delay were all within the control of Defendant.

Although nothing suggests that Defendant acted in bad faith, the totality of circumstances simply does not permit the court to find excusable neglect here. Defendant's failure to review Plaintiff's initial disclosures does not even meet the more permissive "good cause" standard for amending the schedule

under FED. R. CIV. P. 16(b). "Good cause" under the Rule 16(b) standard requires a showing that the deadline "cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotations and citations omitted).

Accordingly, IT IS RECOMMENDED that Defendant's Motion to Amend its Answer (*doc # 24*) be DENIED.

**Advisement to the Parties**

Within fourteen (14) days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). If a party wishes to preserve an issue in the Magistrate Judge's proposed findings and recommendations for the district court to review de novo, or preserve such an issue for later appeal, that party must file an objection that is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A general objection that does not put the district court on notice of its basis will not preserve that objection for de novo review. *See, e.g., Breedlove v. Costner*, No. 10-6043, 2010 WL 5173824, at *2 (10th Cir. 2010) (upholding reliance on the magistrate judge's findings where plaintiff failed to articulate specific objections, offering only conclusory and self-serving statements). Failure to make timely objections may bar de novo review by the district court and will result in a waiver of the right to appeal a judgment of the district court that is based on the Magistrate Judge's proposed findings and recommendations. *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999); *Int'l Surplus Lines Inc. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 12th day of April, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge