**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00799-CMA-CBS

NATASHA WEIL,

    Plaintiff,

v.

CARECORE NATIONAL, LLC, a New York limited liability company,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 12, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

Defendant filed a Motion to Amend its Answer (Doc. # 24) on November 15, 2010 to assert an additional affirmative defense based on what it termed after-acquired evidence. The Motion was referred to United States Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636. On April 12, 2011, the Magistrate Judge recommended that Defendant's Motion be denied. (Doc. # 53.)

**I. BACKGROUND**

In this case, Plaintiff alleges that Defendant retaliated against her in violation of the American with Disabilities Act and the Family and Medical Leave Act. During discovery, Plaintiff disclosed that she possessed a CD of screenshots ("the CD") taken from her CareCore computer screen while she was employed by Defendant.

The screenshots on the CD are the "after-acquired evidence" that form the basis for Defendant's proposed amendments to its answer.

Defendant filed its original answer on May 10, 2010. The parties conferred on June 1, 2010 for a Fed. R. Civ. P. 26(f) Planning Meeting. During oral argument at the meeting, Plaintiff disclosed that she possessed screenshots taken from her CareCore computer screen. On June 14, 2010, Plaintiff provided her initial disclosures to Defendant pursuant to Rule 26(a)(1). Plaintiff again indicated that she possessed a "CD of Screenshots and Recordings." (Doc. # 25-1 at 3.) Although Plaintiff did not produce the CD itself, there is no allegation that this omission was anything but inadvertent. Defendant's counsel does not dispute that they failed to review Plaintiff's initial disclosures for either completeness or content for several months.

On June 21, 2010, the Magistrate Judge held a scheduling conference and entered its Scheduling Order. The Scheduling Order set a deadline of June 28, 2010, for amendment of the pleadings. (Doc. # 14 at 10.) Defendant took Plaintiff's deposition on October 11, 2010. It was at this deposition that Defendant's attorneys apparently first realized that Plaintiff possessed the screenshots in question. After Defendant requested the CD of screenshots, Plaintiff mailed the CD the next day. On November 15, 2010, more than one month after Plaintiff mailed the CD and more than four months after the deadline for amending the pleadings had passed, Defendant filed the instant motion, seeking leave to amend its answer.

The Magistrate Judge, noting that Defendant had twice been apprised in June of the fact that Plaintiff possessed the CD, found that Defendant had failed to demonstrate "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B) or "good cause" under Rule 16(b)(4) for its failure to timely amend its answer. On April 26, 2011, Defendant filed timely objections to the Magistrate Judge's recommendation, and Plaintiff responded on May 10, 2011. (Doc. ## 55, 59.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,[1] a district court judge "determine[s] de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

## III. ANALYSIS

Fed. R. Civ. P. 6(b)(1)(B) requires a showing of "excusable neglect" for an extension of a passed deadline. Rule 16 specifically concerns scheduling orders and provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] It is not clear that this Recommendation concerns a dispositive matter entitled to *de novo* review. In considering Objections to non-dispositive rulings by a Magistrate Judge, the Court will adopt a Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). However, out of an abundance of caution, the Magistrate Judge treated the Motion as a dispositive matter and the Court will do the same.

Defendant objects that the Magistrate Judge erroneously applied the Rule 6(b)(1)(B) "excusable neglect" standard instead of the Rule 16(b)(4) "good cause" standard. Defendant has not cited any Tenth Circuit law addressing this issue, and the Court has found none upon independent investigation.[2] However, other courts in this district have held that a party moving to amend a pleading **after** a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause. See, e.g., American Nat. Property and Cas. Co. v. Uscier, No. 09-cv-02053, 2010 WL 2802653, at *1 (D. Colo. July 14, 2010) (unpublished); Maddox v. Venezio, 09-cv-01000, 2010 WL 2363555, at *1 (D. Colo. June 10, 2010) (unpublished); see also Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car System, Inc., 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009) ("when a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion.").[3]

Even if the Magistrate Judge should have employed only the Rule 16 "good cause" standard, Defendant's Motion should still be denied for lack of good cause. The "good cause" inquiry "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." Colo. Visionary Acad. v.

---

[2] The Tenth Circuit has declined to decide whether a party seeking to amend its pleading after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b)(4). See Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 (10th Cir. 2006).

[3] Other courts in this district have applied the Rule 16(b) "good cause" standard without discussing the application of Rule 6(b). See, e.g., Buckles Mgmt., LLC v. Investordigs, LLC, No. 10-cv-00508, 2010 WL 2844078 (D. Colo. July 19, 2010). Defendant has cited no case in which a court has rejected the application of the Rule 6(b) "excusable neglect" standard to a motion to amend a pleading after a scheduling order deadline has passed.

*Medtronic, Inc.*, 194 F.R.D. 684, 697 (D. Colo. 2000). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Defendant claims that it learned the basis for its defense only after it received the CD. *See Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (holding that new information learned through discovery constitutes good cause to justify an extension of a scheduling order deadline). Although Defendant did not receive the CD until mid-October, Defendant knew, or should have known, that Plaintiff possessed such evidence well before taking her deposition. Plaintiff disclosed that fact during oral argument at the Rule 26(f) Planning Meeting and again in her Rule 26(a)(1) initial disclosures. That Defendant either ignored these disclosures or failed to recognize their importance can only be attributed to carelessness and, thus, does not constitute "good cause."

## IV.  CONCLUSION

The Court concludes that the Magistrate Judge's Recommendation is correct. Therefore, Defendant's Objections are OVERRULED and the Court hereby ADOPTS and AFFIRMS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is ORDERED that Defendant's Motion to Amend the Answer (Doc. # 24) be DENIED.

DATED:  May  19 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge